IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| PETER WILLIAM HARPER,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN LAUGHLIN; MONTANA FIRST JUDICIAL DISTRICT COURT,<br><br>Respondents. | Cause No. CV 14-59-GF-DLC-RKS<br><br>ORDER and FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Peter William Harper's application for writ of habeas corpus. Mr. Harper is a state prisoner proceeding pro se.

Mr. Harper moved to proceed in forma pauperis. He has sufficiently shown he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted.

Nonetheless, Mr. Harper's petition should be dismissed. On July 29, 2014, the Montana Supreme Court granted Mr. Harper a writ of habeas corpus on the grounds that his sentence, imposed in 1996, is facially invalid under state law. The court remanded the matter to the First Judicial District Court, Lewis and Clark County, for resentencing. Order at 3, *Harper v. First Jud. Dist. Court*, No. OP 14-0362 (Mont. July 29, 2014) (Doc. 1-1 at 3).

1

Mr. Harper asks this Court to order his immediate release based on the Montana Supreme Court's granting of habeas relief and Mr. Harper's own recalculation of his sentence. This Court generally does not consider claims that have not been properly exhausted in the courts of the State of Montana. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982) ("[B]efore you bring any claims to federal court, be sure that you first have taken each one to state court.").

Mr. Harper has not fairly presented the claim to the courts of the State of Montana his claim that he is being held beyond the termination of his sentence. The Montana Supreme Court did not re-calculate Mr. Harper's sentence or order his immediate release. It remanded his case to the trial court for re-sentencing. If, after Mr. Harper is re-sentenced, he believes his new sentence violates the federal Constitution, he must present that claim in the usual manner in the state courts before he may file the claim in this Court.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct.

641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, although a claim that one is being held beyond the termination of a sentence would likely meet the substantial-showing threshold, there can be no doubt as to the procedural ruling. Mr. Harper's case was remanded by the Montana Supreme Court for re-sentencing. Until he is re-sentenced, and until he fairly presents any resulting federal constitutional violation to the courts of the State of Montana, including through appeal and, if necessary, post-conviction proceedings, he may not file in federal court. A COA should be denied.

Based on the foregoing, the Court enters the following:

**ORDER**

Mr. Harper's motion to proceed in forma pauperis (Doc. 2) is GRANTED.

The Court also enters the following:

**RECOMMENDATION**

1. The Petition (Doc. 1) should be DISMISSED.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

# NOTICE OF RIGHT TO OBJECT
# TO FINDINGS & RECOMMENDATION
# AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Harper may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Harper must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 26th day of August, 2014.

                                         /s/ Keith Strong
                                         Keith Strong
                                         United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.